UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIKI MARCH,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Hon. Ellen S. Carmody

Case No. 1:16-CV-889

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 10). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 35 years of age on her alleged disability onset date. (PageID.180). She successfully completed high school and worked cashier, teller, and press operator. (PageID.62, 81). Plaintiff applied for benefits on November 1, 2013, alleging that she had been disabled since March 15, 2013, due to headaches, memory loss, back pain, neck pain, shoulder pain, and depression. (PageID.180-94, 220). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.95-178). On February 20, 2015, Plaintiff appeared before ALJ Paul Jones with testimony being offered by Plaintiff and a vocational expert. (PageID.53-89). In a written decision dated February 27, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.39-48). The Appeals Council declined to review the ALJ's decision, rendering it the Commissioner's final decision in the matter. (PageID.28-32). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) affective and anxiety disorders; (2) migraines; and (3) obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.41-43). With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can tolerate only moderate exposure to noise in the work environment; and (2) she is limited to simple, routine, and repetitive work. (PageID.43).

A vocational expert testified that Plaintiff, consistent with her RFC, would still be able to perform her past relevant work as a cashier and press operator. (PageID.80-81). The vocational expert further testified that there existed more than 800,000 additional jobs nationwide which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.81). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.     **The ALJ's RFC Assessment is Supported by Substantial Evidence**

A claimant's RFC represents the "most [a claimant] can still do despite [the claimant's] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8

hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff argues that she is entitled to relief on the ground that the ALJ's RFC determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ's RFC fails to adequately account for: (1) the side effects caused by her medication; (2) right shoulder pain; and (3) back and neck pain. A review of the medical evidence reveals that the ALJ's RFC assessment is supported by substantial evidence.

On June 29, 2012, Plaintiff participated in a venous duplex examination of her left lower extremity, the results of which revealed no evidence of deep venous thrombus. (PageID.294). On April 25, 2013, Plaintiff participated in an MRI examination of her brain, the results of which were "unremarkable." (PageID.293). X-rays of Plaintiff's lumbosacral spine, cervical spine, and left hip, taken on May 23, 2013, revealed no evidence of abnormality. (PageID.290-92). The results of a September 8, 2013 neurological examination were "completely normal." (PageID.298).

Treatment notes dated November 15, 2013, indicate that Plaintiff's sleep apnea responded well to CPAP treatment. (PageID.330). Treatment notes dated January 14, 2014, indicate that Plaintiff's overuse of medication was causing her to experience headaches. (PageID.376-83). The results of the examination were otherwise unremarkable. (PageID.376-83). On March 5, 2014, Plaintiff rated her headache and neck pain as 3/10. (PageID.410). X-rays of Plaintiff's right shoulder, taken on April 2, 2014, revealed tendinitis, but no evidence of fracture or dislocation. (PageID.386). On December 2, 2014, Plaintiff characterized her knee pain as "mild to moderate." (PageID.400). Plaintiff's doctors also noted that Plaintiff "is not very reliable and complaints (sic) about things that appears (sic) not as bad." (PageID.403). X-rays of Plaintiff's right knee, taken January 5, 2015, revealed "no significant degenerative changes." (PageID.385).

The evidence does not support the argument that Plaintiff right shoulder, neck, or back impairments limit her to an extent greater than the ALJ recognized. As for Plaintiff's claim that she suffers significant medication side effects, Plaintiff, as she concedes, has failed to identify evidence in the record supporting this argument. The record does contain an April 4, 2014 treatment note indicating that Plaintiff experienced dizziness when taking Baclofen. (PageID.432). However, Plaintiff's Baclofen dosage was subsequently reduced by half after which the doctor reported that Plaintiff was experiencing no side effects. (PageID.424). In sum, the ALJ's RFC determination is supported by substantial evidence. This argument is, therefore, rejected.

**II.        The ALJ Properly Evaluated Plaintiff's Obesity**

Plaintiff argues that the ALJ failed to properly consider her obesity when assessing her RFC. Plaintiff asserts that the ALJ failed to comply with Social Security Ruling 02-1p, Titles II and XVI: Evaluation of Obesity, 2000 WL 628049 (S.S.R., Sept. 12, 2002). Specifically, Plaintiff argues that the ALJ failed to properly consider the impact that her sleep apnea and weight-bearing joint pain, effects of obesity, have on her ability to function.

As the Sixth Circuit has held, Social Security Ruling 02-1p "does not mandate a particular mode of analysis, but merely directs an ALJ to consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Nejat v. Commissioner of Social Security*, 359 Fed. Appx. 574, 577 (6th Cir., Dec. 22, 2009); *see also*, *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 412 (6th Cir., Jan. 31, 2006) ("[i]t is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants"). The ALJ recognized that Plaintiff is obese and analyzed the entire

7

record in assessing Plaintiff's residual functional capacity. The evidence, however, does not support the argument that Plaintiff's obesity, either alone or in combination with her other impairments, impairs her to an extent greater than that recognized by the ALJ.

As noted above, Plaintiff's sleep apnea responded well to CPAP usage. As for Plaintiff's hips and knees, x-rays revealed no significant abnormality and Plaintiff, herself, rated her knee pain, as recently as December 2, 2014, as "mild to moderate." The record does not support the argument that Plaintiff's sleep apnea or weight-bearing joint pain impair her ability to function to an extent greater than the ALJ's RFC assessment. Accordingly, the Court finds that the ALJ's RFC determination sufficiently accounts for Plaintiff's obesity and the limitations reasonably imposed by such.

**III.     The ALJ Properly Evaluated the Medical Opinion Evidence**

Finally, Plaintiff argues that the ALJ failed to properly consider the opinions expressed by Dr. Corey Fall and Dr. Kimberly Bialik. Dr. Corey Fall is a chiropractor that treated Plaintiff from October 31, 2012, through October 11, 2013. (PageID.311-24). Plaintiff has failed to identify any opinion by Dr. Fall that Plaintiff's ability to function is more limited than the ALJ recognized. While Dr. Fall indicated, in October 2013, that Plaintiff "continues to exhibit symptoms," he also noted that Plaintiff's treatment "has progressed well." (PageID.324). Moreover, the doctor did not impose or articulate any functional limitations that are inconsistent with the ALJ's RFC finding. Dr. Bialik examined Plaintiff on a single occasion, July 6, 2014, but did not articulate any opinions or limitations which are inconsistent with the ALJ's RFC finding. (PageID.421-24). Accordingly, this argument is rejected.

**IV.      The ALJ Properly Relied on the Vocational Expert's Testimony**

Finally, Plaintiff argues that the ALJ improperly relied on the vocational expert's testimony. While the ALJ may satisfy his burden through the use of hypothetical questions posed to a vocational expert, such questions must accurately portray Plaintiff's physical and mental impairments. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996). The hypothetical question which the ALJ posed to the vocational expert simply asked whether there existed jobs which an individual could perform consistent with Plaintiff's RFC, to which the vocational expert testified that Plaintiff could perform her past relevant work and further identified more than 800,000 additional jobs nationwide which Plaintiff would be able to perform. The ALJ's RFC determination is supported by substantial evidence and there was nothing improper or incomplete about the hypothetical questions the ALJ posed to the vocational expert. The Court concludes, therefore, that the ALJ properly relied upon the vocational expert's testimony.

**CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.

Date: June 13, 2017     /s/ Ellen S. Carmody
                        ELLEN S. CARMODY
                        United States Magistrate Judge